UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WIIFM, INC., | Case No. 2:21-CV-955 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| DOORBUSTERS LOCK & SAFE, LLC, | |
| Defendant(s). | |

Presently before the court is plaintiff WIIFM, Inc.'s ("WIIFM") motion for injunctive relief. (ECF No. 17). Defendant Doorbusters Lock & Safe, LLC ("DLS") filed a response (ECF No. 18), to which WIIFM replied (ECF No. 19).

Also before the court is DLSs' motion to dismiss.[1] (ECF No. 11). WIIFM filed a response (ECF No. 14), to which DLS replied (ECF No. 15).

I.   **Background**

In January of 2018, WIIFM sued DLS in Nevada state court alleging that it had infringed on WIIFM's trademarks regarding its trade name "Liberty Lock & Security." (*See* ECF No. 3 at 5–6). The parties eventually reached a settlement via mediation in April 2019. (*Id.*). A security agreement was executed alongside WIIFM's payment obligations. (*Id.* at 6). DLS had a 90-day transition period after WIIFM's initial payment to wind up its use of the marks. (*Id.*).

On July 9, 2021, this court denied WIIFM's motion for injunctive relief regarding DLS's alleged breach of its obligations during the transition period and ordered the parties to participate

---

[1] While it is fully briefed, this motion has languished for almost a year pending the parties' arbitration. Rather than rule on a potentially irrelevant motion, the court dismisses it and grants DLS leave to refile when this matter's stay is lifted.

**James C. Mahan**
**U.S. District Judge**

in arbitration pursuant to their settlement agreement.  (ECF No. 16).  This court then stayed proceedings until the arbitration procedures concluded.  (*Id.*).

During those proceedings, the parties' arbitrator denied WIIFM's essentially identical motion for injunctive relief because it failed to show irreparable harm would ensue absent an injunction.  (*See* ECF No. 18 at 7).  In so holding, the arbitrator referenced some of DLS's conduct that occurred after the transition period.  (*See* ECF No. 17 at 4).

WIIFM now moves this court for injunctive relief in the form of a court order instructing the parties' arbitrator to rule on WIIFM's motion for injunctive relief—filed with the arbitrator—with respect to only the arbitrator's jurisdiction, which WIIFM argues is restricted to whether there was contractual compliance during the transition period.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order ("TRO") when the movant alleges "specific facts in an affidavit" that immediate and irreparable harm will occur before the adverse party can be heard in opposition.  FED. R. CIV. P. 65(b)(1)(A).  TROs and preliminary injunctions are extraordinary remedies meant to "preserve the status quo" and "prevent irreparable loss of rights prior to judgment."  *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  The standard for granting a TRO is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The court considers the following elements in determining whether to grant preliminary injunctive relief: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest.  *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994).

The movant must satisfy all four elements; however, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  This "sliding scale" approach dictates that when the balance of

**James C. Mahan**
**U.S. District Judge**

- 2 -

hardships weighs heavily in the movant's favor, he only needs to demonstrate "serious questions going to the merits." *Id.* at 1135.

### III.    Discussion

Having considered the *Winter* factors, the court DENIES WIIFM's motion; primarily because it has not shown that it will suffer irreparable harm without injunctive relief.

WIFFM argues that "[a] party suffers irreparable injury if forced to arbitrate a dispute outside the substantive scope of the arbitration agreement." (ECF No. 17 at 10) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. King*, 804 F. Supp. 1512, 1515 (M.D. Fla. 1992)). However, as DLS argues, the Ninth Circuit does not consider this type of harm as irreparable. *See Postmates Inc. v. 10,356 Individuals*, 2020 WL 1908302, at *8 (C.D. Cal. Apr. 15, 2020) (citing *Camping Const. Co. v. Dist. Council of Iron Workers*, 915 F.2d 1333, 1349 (9th Cir. 1990) ("The district court's principal error lies in its assumption that unnecessarily undergoing arbitration proceedings constitutes irreparable injury. That is simply not the case."); *Abernathy v. S. Cal. Edison*, 885 F.2d 525, 529 (9th Cir. 1989) ("[I]t seems clear that an order compelling arbitration does not ordinarily harm the losing party irreparably.")

In fact, "[i]f the party claiming the case is not arbitrable also loses the arbitration, he can be expected to return to the district court to challenge the award after it is issued." *Abernathy*, 885 F.2d at 529. "The law thus leaves parties like [WIIFM] with a perfectly adequate legal remedy for an improper award; the only remaining harm—the short time and slight expense involved in the typical arbitration—would scarcely qualify as irreparable injury." *Camping Const. Co. v. Dist. Council of Iron Workers*, 915 F.2d 1333, 1349 (9th Cir. 1990).

Thus, WIIFM fails to show irreparable harm. Consequently, even assuming that it demonstrates "serious questions going to the merits," WIIFM is not entitled to injunctive relief under the traditional or sliding scale approach. *See Cottrell*, 632 F.3d at 1131.

Accordingly, the court DENIES WIIFM's motion for injunctive relief. The parties shall continue to participate in arbitration.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that WIIFM's motion for injunctive relief (ECF No. 17) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that DLS's motion to dismiss (ECF No. 11) be, and the same hereby is, DENIED, with leave to refile when this matter's stay is lifted.

DATED March 29, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -