**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WIIFM, INC., a Nevada corporation, d/b/a LIBERTY LOCK & SECURITY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>DOORBUSTERS LOCK & SAFE, LLC, a Nevada limited liability company; ELI LEVI, an individual,<br><br>　　　　　　　　Defendants. | 2:21-cv-0955-JCM-VCF<br>**REPORT AND RECOMMENDATION** |

Before the court is *WIIFM, Inc. v. Doorbusters Lock & Safe, LLC*, case number 2:21-cv-955-JCM-VCF.

**Relevant background:**

On September 27, 2022, the court held an in-person hearing on the motion to withdraw as attorney for WIIFM. (ECF NO. 31). The motion to withdraw as attorney was granted and WIIFM, Inc. was ordered to have new counsel enter a notice of appearance by October 27, 2022, and, if no appearance is entered by October 27th, the court will enter a report and recommendation recommending dismissal of WIIFM's claims. *Id.*

**Analysis:**

28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally." *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Although individuals may represent themselves pursuant to this statute, a corporation is not permitted to appear in Federal Court unless it is represented by counsel. *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). An individual also does not have the right to appear on behalf of anyone other than himself. *Pope*, 818 F.2d at 697.

WIIFM, Inc. may not proceed *pro se*, as corporations must be represented by counsel. WIIFM was given notice and ordered to retain counsel by October 27, 2022. (ECF No. 31).

Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who, without just cause: (a) Fails to appear when required for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court."

Here, WIIFM, Inc. failed to comply with the Court's Orders (ECF No. 31). It would seem as though WIIFM has abandoned this case.

The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro ses*, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance. *See McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. See *National Hockey*

*League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone,* 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali,* 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The court has held a hearing and has given WIIFM ample notice and opportunity to prosecute this case.  Plaintiff has failed to follow the rules of this Court.  (ECF No. 31).

Accordingly,

IT IS HEREBY RECOMMENDED that WIIFM's remaining claims against Defendants, which have not been adjudicated by the arbitrator, be DISMISSED with prejudice for failure to comply with Court Order (ECF No. 31) and for failure to prosecute.

IT IS FURTHER RECOMMENDED that judgment be entered against WIIFM, Inc. and in favor of defendants Doorbusters Lock & Safe, LLC and Eli Levi on the counterclaims.

The Court Clerk is directed to mail and email a copy of this order to WIIFM, Inc. to the following addresses:

WIIFM, Inc.
Steven Weggeland
c/o Shelley D. Krohn, Bankruptcy Trustee
Chapter 7 Bankruptcy Trustee
PO Box 34690
Las Vegas, Nevada 89133
E-mail: Shelley@TrusteeKrohn.com

WIIFM, Inc.
Steven S. Weggeland
5470 West Sahara Avenue
Las Vegas, Nevada 89146

Shelley Krohn
Shelley D. Krohn, Ltd.
7469 W. Lake Mead Boulevard, Suite 170
Las Vegas, Nevada 89128

DATED this 5th day of December 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE