1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                             DISTRICT OF NEVADA

7
                                       * * *
8

9    WIIFM, INC.,                              Case No.: 2:21-cv-00955-JCM-VCF
                                   Plaintiff,
10

11         v.                                           ORDER

     DOORBUSTERS LOCK & SAFE, LLC, et al.,
12
                                  Defendants.
13

14         Presently before the court is defendant Doorbusters Lock and Safe's motion to confirm

15   an arbitration award.  (ECF No. 33).  Plaintiff WIIFM, Inc. has not filed a response, and the time

16   to do so has now passed.  Also before the court is Magistrate Judge Cam Ferenbach's report and

17   recommendation ("R&R") to dismiss plaintiff's remaining claims that have not been adjudicated

18   by the arbitrator and enter judgment for defendant on plaintiff's counterclaims.  (ECF No. 34).

19   Plaintiff did not file an objection to the R&R.

20         Under Nevada law, a party to an arbitral proceeding "may make a motion to the court for

21   an order confirming the award at which time the court shall issue a confirming order unless the

22   award is modified or corrected pursuant to NRS 38.237 or 38.242 or is vacated pursuant to NRS

23   38.241."  Nev. Rev. Stat. § 38.239.   A losing party may move the district court to vacate,

24   modify, or correct an arbitral award within ninety days from the date of notice of that adverse

25   award. Nev. Rev. Stat. §§ 38.241, 38.242.

26         Here, more than ninety days have passed since entry of the award.  More than thirty days

27   have also passed since the filing of the instant motion in this court.  Plaintiff has not responded to

28   the motion, nor has it filed its own motion to dispute the award.  Therefore, because plaintiff has

                                       1

had sufficient opportunity to oppose and has failed to do so, it is appropriate for the court to summarily grant the motion.  *See Casey v. Wells Fargo Bank, N.A.*, 290 P.3d 265, 267–68 (Nev. 2012); Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.")

Further, no objections were filed to Judge Ferenbach's R&R.  Thus, the court is not obligated to conduct a de novo review of the R&R. 28 U.S.C. § 636(b)(1) (requiring courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis in original)).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to confirm the arbitrator's award (ECF No. 33) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Magistrate Judge Ferenbach's R&R (ECF No. 34) be, and the same hereby is, ADOPTED, in full.

IT IS FURTHER ORDERED that plaintiff's counterclaims be, and the same hereby are, DISMISSED, with prejudice.

The clerk is instructed to enter judgment on the counterclaims.

DATED THIS 1ˢᵗ day of February 2023.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

2